United States District Court
Southern District of Texas
**ENTERED**
November 15, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVEY SMITH,<br>TDCJ #01990542, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-0258 |
| LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice – Correctional<br>Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Harvey Smith (TDCJ #01990542) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge an aggravated robbery conviction entered against him in 2015. He has also filed Petitioner's Memorandum of Law Brief in support (Docket Entry No. 2). Now pending is Respondent Lorie Davis's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 15), arguing that the Petition is barred by the governing one-year statute of limitations. In response, Smith has filed a Memorandum in Brief (Docket Entry No. 24) with an "Affidavit in Support of [an] Order Granting Summary Judgment" in his favor (Docket Entry No. 25). He has also provided Exhibits (Docket Entry No. 26) and an untitled pleading that has been docketed as a Supplemental Memorandum in

support of Smith's Petition for federal habeas relief (Docket Entry No. 30). After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. Background and Procedural History

In 2014 a grand jury in Harris County, Texas, returned an indictment against Smith in Cause No. 1421605, accusing him of aggravated robbery with a deadly weapon, namely a firearm.[1] The State gave notice that it intended to seek enhanced punishment because Smith had a prior felony conviction.[2] On March 23, 2015, a jury in the 176th District Court of Harris County found Smith guilty of aggravated robbery as charged in the indictment.[3] The jury also found that the enhancement allegation was true and sentenced Smith to 28 years' imprisonment.[4]

On direct appeal Smith argued that the evidence was insufficient to support his conviction for aggravated robbery because the State failed to prove beyond a reasonable doubt that he

---

[1] See Indictment, Docket Entry No. 16-8, p. 18. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's electronic filing system, CM/ECF.

[2] State's Notice of Intent to Seek Enhancement, Docket Entry No. 16-8, p. 77.

[3] Verdict, Docket Entry No. 16-8, p. 102.

[4] Court Reporter's Record, vol. 4, Docket Entry No. 16-12, p. 18.

used or exhibited a firearm during the commission of the offense and that he was guilty of, at most, theft.[5] The intermediate court of appeals rejected that argument and affirmed the conviction for aggravated robbery after summarizing the evidence presented at trial, as follows:

> Juan Carlos Martinez worked as a mechanic for a trucking company. He was working alone on a Saturday afternoon, repairing a transmission, which required the use of an air compressor. While he was working, he heard a noise that sounded like a person throwing items into the bed of a pickup truck. As he got up to investigate, he noticed that the hoses attached to the air compressor had deflated. Martinez saw appellant Harvey Smith, a man he recognized, having seen him speaking with the manager of the trucking company in the past. Martinez saw that Smith had put tools and the air compressor in the back of a brown Chevy pickup truck.
>
> Martinez approached the truck and attempted to remove the air compressor. Smith began yelling angrily, and Martinez responded, saying, "It's mine, it's mine." Smith then pulled a black semiautomatic pistol from his waistband and pointed it at Martinez's chest, causing him to fear that he would be killed or injured. Martinez backed away, and Smith shot twice toward his feet. Smith then got into the truck and sped away.
>
> Houston Police Department Officer J. Gomez responded to a call about the robbery. Martinez told him that someone who had previously worked for the trucking company had fired a gun at him and taken an air compressor. Officer Gomez later testified that Martinez was nervous and rattled, and he had difficulty hearing. Officer Gomez canvassed the area but did not find any spent shell casings. However, he testified that shell casings are not always recovered after a gun is fired.
>
> Michael Tyler, the manager of the trucking company, confirmed the shooter's identity and provided his name and date of birth to patrol officers. During the

---

[5]Appellant's Brief, Docket Entry No. 16-6, p. 7.

-3-

investigation of this robbery, Houston police officers drove past Smith's house, where they saw a brown Chevy pickup truck that matched the description of the truck used to take the compressor.

Smith was charged with aggravated robbery. Martinez testified at trial, saying that Smith held him at gunpoint, took an air compressor he had been using, and fired two shots at his feet. According to Martinez, the robbery occurred at about 2:00 p.m. or 3:00 p.m. Martinez testified that he had identified Smith from a photographic array, and he also identified him in open court as the person who took the air compressor and fired shots at him.

Another mechanic, Jose Portillo, testified that he had loaned the air compressor to Martinez. He did not witness the robbery, but he heard a sound that Martinez later told him was a gunshot. However, he testified that the shot was fired around 11:00 a.m. or 11:30 a.m. This was consistent with the police department incident report. However, Portillo also testified that other activities that occur on the premises make noises similar to gunshots, such as pallet repair and hammering.

Tyler also identified Smith in open court as someone who had worked briefly for him as an independent trucker. Tyler admitted that he owed Smith $200 around the time of the robbery.

Smith testified in his own defense, agreeing that he had worked briefly for Tyler as an independent trucker. He said that Tyler owed him $421, and a $200 check from him had bounced due to insufficient funds. Smith testified that Tyler was indignant when told about the bounced check. Smith said he called Tyler many times to attempt to recover the money owed, but he was unable to connect with him.

Smith admitted that he went to the trucking company around 11:00 a.m. on the day of the robbery. He admitted taking the air compressor and conceded that it did not belong to him. He intended to use his possession of the compressor to persuade Tyler to pay the $421 that he allegedly was owed. Smith testified that the compressor was not in working order, and he later sold it for $65.

> Smith's testimony differed sharply from Martinez's on the
> issue of the gun. Smith denied having, brandishing, or
> firing a gun. Smith testified that he was 64 years old,
> and he had never robbed anybody.

Smith v. State, No. 01-15-00312-CR, 2016 WL3662447, at *1-2 (Tex. App. — Houston [1st Dist.] July 7, 2016, no pet.).[6] Because Smith did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals,[7] his conviction became final thirty days later on August 8, 2016.[8]

On August 27, 2017, Smith executed an Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("State Habeas Application"), asserting claims of ineffective assistance of counsel.[9] After considering the record, which included supplemental briefing from Smith, the trial court recommended that

---

[6] Memorandum Opinion, Docket Entry No. 16-1, pp. 2-4.

[7] Advisory from the Clerk's Office, Court of Criminal Appeals, Austin, Texas, Docket Entry No. 15-3, p. 2 (certifying that no petition for discretionary review was received regarding Smith's appeal).

[8] Smith requested an extension of time to file an out-of-time petition for discretionary review. See Motion to Extend Time to File Pro Se Petition for Discretionary Review, Docket Entry No. 15-2, pp. 2-8. The Texas Court of Criminal Appeals denied that request on October 21, 2016. See Official Notice from Court of Criminal Appeals of Texas, Docket Entry No. 15-2, p. 9.

[9] State Habeas Application, Docket Entry No. 16-21, pp. 2-24. Although it was received by the Harris County District Clerk's Office on September 11, 2017, Smith's pro se submissions are subject to the prison mailbox rule, which applies to post-conviction proceedings in Texas, see Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013). Under this rule, Smith's State Habeas Application was filed on the date it was executed and placed in the prison mail system on August 27, 2017. See State Habeas Application, Docket Entry No. 16-21, p. 24.

relief be denied.[10] The Texas Court of Criminal Appeals summarily denied relief without a written order on December 19, 2018.[11]

On January 10, 2019, Smith filed the pending federal habeas corpus Petition under 28 U.S.C. § 2254.[12] Smith raises the following arguments:

1. He was denied effective assistance of counsel before and during his trial because his attorney failed to: (a) conduct an adequate investigation; (b) object to perjured testimony; (c) object to improper arraignment and amendment of the indictment; and (d) argue in closing that Smith was guilty only of a lesser-included offense.

2. There was no evidence to support his conviction for aggravated robbery or for the finding that a deadly weapon was used to commit the offense.

3. He was denied due process when the trial court erred by (a) denying his motion for a directed verdict; (b) overruling objections to State's Exhibits four and five; (c) overruling an objection to the State's use of an enhancement offense over ten years old and not alleged in the indictment; (d) conducting his arraignment in the presence of the jury; and (e) allowing an untimely amendment of the indictment without notice.

---

[10]Trial Court Writ No. 1421605-A, Clerk's Summary Sheet, Docket Entry No. 16-21, p. 1.

[11]Action Taken on Application No. WR-88,622-02, Docket Entry No. 16-19, p. 1.

[12]Petition, Docket Entry No. 1, pp. 1-16; Supplemental Petition (Continuation), Docket Entry No. 1-1 pp. 1-22. The pleadings are undated, but arrived in an envelope post-marked January 10, 2019. See Envelope sent by Priority Mail, Docket Entry No. 1-2, p. 3. Smith does not indicate when he placed his pleadings in the prison mail system. Using the date most favorable to Smith, the court will assume for purposes of this order that his Petition was filed on January 10, 2019.

4. His sentence is illegal because of an improper enhancement, resulting from the admission of evidence admitted in violation of a motion in limine and of which he lacked notice.

5. The prosecution engaged in misconduct by (a) using "improper methods calculated to produce a wrong conviction"; and (b) suborning perjured testimony

6. He is actually innocent of the offense of aggravated robbery with a deadly weapon.[13]

The respondent argues that the Petition must be dismissed as barred by the governing one-year statute of limitations on federal habeas corpus review.[14]

## II. Discussion

### A. The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[13]Petition, Docket Entry No. 1, pp. 6-8; Petition (Continuation), Docket Entry No. 1-2, pp. 6-14, 17-19; Memorandum of Law, Docket Entry No. 2, pp. 2-17.

[14]Respondent's MSJ, Docket Entry No. 15, pp. 7-16.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending Petition was filed well after April 24, 1996, the one-year limitations period clearly applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

As noted above, Smith challenges a state court judgment of conviction entered against him by the trial court on March 23, 2015, and affirmed by the intermediate court of appeals on July 7, 2016. Although he did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later on August 8, 2016. See Tex. R. App. P. 68.2(a). The conviction became final for purpose of federal habeas review on that date, meaning that the statute of limitations expired one year later on August 8, 2017, pursuant to § 2244(d)(1)(A). See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) (observing that a conviction becomes final for purposes of § 2244(d)(1)(A) "when the time for seeking further direct review in the state court expires"); Jones v. Quarterman, Civil Action Nos. H-09-0624 & H-09-0626, 2009 WL 2524602, at *2 (S.D. Tex. Aug. 14, 2009) (concluding that the judgments became final for

purposes of § 2244(d)(1)(A) when petitioner's time to file a petition for discretionary review expired). The federal Petition that was filed by Smith on January 10, 2019, is late by more than a year (approximately 520 days) and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

**B.   The Availability of Tolling Under 28 U.S.C. § 2244(d)(2)**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. Smith executed a post-conviction State Habeas Application on August 27, 2017, which remained pending for 479 days until the Texas Court of Criminal Appeals denied relief on December 19, 2018. However, because Smith's State Habeas Application was not filed until after the federal habeas statute of limitations had already expired on August 8, 2017, this proceeding does not toll the limitations period under § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). As a result, Smith's federal Petition must be dismissed as untimely unless some other statutory or equitable basis exists to extend the statute of limitations on federal habeas review.

**C.   There is No Other Basis for Statutory or Equitable Tolling**

Smith has filed more than one response to the Respondent's MSJ, but he makes no effort to demonstrate that there is any other

basis to toll the limitations period and the pleadings do not disclose any. Smith does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). Likewise, none of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a new "factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D).

The court notes that Smith asserts a claim that he is actually innocent of the aggravated robbery offense. If proven, actual innocence may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). As the respondent correctly notes, "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'" United States v. Jones, 172 F.3d 381, 384 (5th cir. 1999) (quoting Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)).[15] To be credible a habeas petitioner must support a claim of actual innocence with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 115 S. Ct. 851,

---

[15]Respondent's MSJ, Docket Entry No. 15, p. 14.

865 (1995). To prevail on such a claim a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 867.

Smith does not support his claim with new evidence that was not available at trial or that demonstrates his actual innocence under the standard articulated in Schlup. Instead, he primarily points to the trial transcript and argues that he is actually innocent because the evidence was insufficient to demonstrate that he used or exhibited a firearm during the offense.[16] Smith's insufficiency-of-the-evidence argument was rejected on direct appeal, where the appellate court noted that there was testimony from the victim that Smith threatened him with a firearm and caused him to fear for his life while taking an air compressor that did not belong to Smith. See Smith, No. 01-15-00312-CR, 2016 WL3662447, at *2. Based on this evidence, the appellate court concluded that the jury could have found the essential elements of aggravated robbery beyond a reasonable doubt. See id.

Smith does not present any evidence that refutes the appellate court's fact findings, which are presumed correct on federal habeas corpus review.[17] See 28 U.S.C. § 2254(e)(1); Sumner v. Mata, 102

---

[16] Supplemental Petition, Docket Entry No. 1-1, pp. 7-10; Petitioner's Memorandum of Law, pp. 4-10.

[17] A state court's findings of fact are "presumed to be correct" on federal habeas review unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

S. Ct. 1303, 1304-05 (1982) (per curiam) (stating that "the presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact"); Moody v. Quarterman, 476 F.3d 260, 268 (5th Cir. 2007) (same) (citations omitted). To the extent that Smith appears to challenge the credibility of the State's witnesses and their testimony at trial,[18] the appellate court observed that the jury as "free to draw its own conclusions about the witnesses' credibility, and the verdict reflects the jury's implicit conclusion that [the victim] was credible and the contrary testimony offered by Smith was not." Smith, No. 01-15-00312-CR, 2016 WL 3662447, at *3. Credibility determinations of this sort are not subject to judicial second-guessing on appeal. See id. (citations omitted). Likewise, a federal habeas corpus court may not substitute its view of the evidence for that of the fact-finder. See Weeks v. Scott, 55 F.3d 1059, 1062 (5th Cir. 1995). Rather, when considering the sufficiency of the evidence, "[a]ll credibility choices and conflicting inferences are to be resolved in favor of the verdict." Ramirez v. Dretke, 398 F.3d 691, 695 (5th Cir. 2005) (citation omitted). Because Smith has not presented new, reliable evidence showing that he is actually innocent of committing the charged offense as found by the jury, he is not entitled to tolling under McQuiggin.

---

[18] Petitioner's Memorandum of Law, Docket Entry No. 2, pp. 7-10, 16-17.

Smith has not otherwise shown he pursued federal review of his claims with the requisite due diligence or that equitable tolling is available because "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Although Smith represents himself, it is settled that a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999). Because Smith fails to establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting

Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent Davis's Motion for Summary Judgment (Docket Entry No. 15) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Harvey Smith (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 15th day of November, 2019.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE